UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case No. 08-CV-20209
vs.                                      HON. GEORGE CARAM STEEH

JIMMY LEE BANKS,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY (# 9)

Defendant Jimmy Banks moves to compel the government to disclose three audio-taped controlled drug purchases involving a confidential ATF informant acquired within 24 to 72 hours of April 2, 2008. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Banks is charged in an April 16, 2008 indictment with one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), one count of possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). The charges arise from an April 8, 2008 warrant based search of a Northlawn, Detroit, residence. An affidavit used to support the issuance of a search warrant contains attestations that a confidential ATF informant audio-taped three controlled heroin buys from Banks at the Northlawn residence within, respectively, 24, 48, and 72 hours of April 2, 2008. The search warrant issued on

April 7, 2008.

Banks moves for disclosure of any recorded statements he made during the alleged controlled heroin buys pursuant to Federal Rule of Criminal Procedure 16(a)(1):

**(a) Government's Disclosure.**

**(1) Information Subject to Disclosure.**

**(A) Defendant's Oral Statement.** Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

**(B) Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statement by the defendant if:

● the statement is within the government's possession, custody, or control; and

● the attorney for the government knows—or through due diligence could know—that the statement exists;

(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

(iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

Banks argues the recorded statements "are relevant because they may implicate constitutional issues in the case, as well as the ultimate issue of guilt or innocence." June 5, 2008 Motion to Compel, at 6. Banks cites <u>United States v. Pesaturo</u>, 519 F.Supp.2d 177 (D. Mass. 2007) to support his position that he is presumptively entitled to disclosure of the audiotapes under Rule 16(a)(1)(B).

At the outset, Banks does not argue that he knew the confidential ATF informant was a government agent at the time of the alleged controlled heroin purchases. The government also states it does not intend to use the recorded statements at trial. Accordingly, Rule 16(a)(1)(A) and Rule 16(a)(1)(B)(ii) are inapplicable. Banks does not rely on Rule 16(a)(1)(B)(iii) governing a defendant's recorded grand jury testimony.

Rule 16(a)(1)(B)(i) expressly applies to "any relevant written or recorded statement." In Pesaturo, the district court found that recorded statements made by the defendant to a confidential informant were discoverable under Rule 16(a)(1)(B)(i) because they were relevant to an entrapment defense and the four charged counts of distribution of Oxycodone on August 8, 22, and 31 of 2006, and September 25, 2006, and the additional count of a June 2006 through September 2006 drug conspiracy. Pesaturo, 519 F.Supp.2d at 181, 188. The recorded statements "occur[ed] during the time period of the alleged conspiracy . . . [and] during the time period of the four specific sales alleged in the Indictment." Id. at 188.

Here, in contrast, Banks' statements were allegedly made to the confidential ATF informant no later than April 5, 2008 (72 hours after April 2, 2008), three days before the April 8, 2008 date on which Banks allegedly possessed heroin and a firearm at the Northlawn, Detroit, residence. Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The government states that it does not intend to use any of the recorded statements as evidence that Banks possessed heroin and a firearm at the Northlawn residence, as charged, on August 8, 2008. Banks does not advance a specific argument as to how the

April 5, 2008 or earlier recorded statements have a tendency to make the existence of his alleged possession of heroin and a firearm on April 8, 2008 more probable or less probable than without the recorded statements. Banks assertion that the recorded statements "are relevant because they may implicate constitutional issues in the case, as well as the ultimate issue of guilt or innocence" is insufficient to establish relevance for purposes of Rule 16(a)(1)(B)(i). See United States v. Clark, 957 F.2d 248, 252 (6th Cir. 1992) (recognizing that "vague and conclusionary" arguments lacking "any degree of particularity" as to how tape recordings may support a defense are insufficient to establish a right to disclosure under the "relevance" requirement of Rule 16(a)(1)(A)).

As the government argues, disclosure of the ATF informant's audio-taped recordings also implicates the privileged non-disclosure of a non-testifying confidential informant. See United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (recognizing that "[a]n informant must be disclosed only upon a showing by the defendant that the disclosure is essential to a fair trial."). Banks has failed to show that the ATF informant's audio-taped recordings are relevant, or that the likely disclosure of the informant's identity is essential to a fair trial.

For the reasons set forth above, defendant Jimmy Banks' motion for disclosure of his recorded statements is hereby DENIED without prejudice.

SO ORDERED.

Dated: July 23, 2008

                                              s/George Caram Steeh  
                                              GEORGE CARAM STEEH  
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 23, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk